**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> HUAWEI DEVICE USA INC. and HUAWEI DEVICE CO., LTD., <br><br> *Defendants*. | Case No. 5:18-cv-00033-RWS <br><br> **LEAD CASE** <br><br> **JURY TRIAL DEMANDED** |
| MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> ZTE CORPORATION and ZTE USA INC., <br><br> *Defendants*. | Case No. 5:18-cv-00034-RWS <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF MAXELL, LTD.'S OPPOSED MOTION TO COMPEL
<u>VENUE DISCOVERY FROM DEFENDANT ZTE USA INC.</u>**

To support its motion to dismiss for improper venue,[1] Defendant ZTE USA Inc. ("ZTE") submitted declarations[2] from two witnesses. Despite relying on this testimony throughout its motion, ZTE refuses to allow Plaintiff Maxell, Ltd. the chance to depose these individuals.

Maxell asks little of ZTE. It seeks routine, targeted discovery that is unquestionably relevant to the parties' venue dispute. Specifically, Maxell seeks depositions of each of ZTE's declarants (Edward Rayeski and James R. Wood) on the declarations ZTE submitted and the venue-related documents ZTE has produced so far. This narrowly tailored discovery is necessary to test the accuracy and completeness of the statements made by ZTE's witnesses, and ZTE should be compelled to make both available for deposition.

A venue inquiry is fact intensive and requires an analysis of the facts presented on a case-by-case basis. It does not, as ZTE would have it, simply mean looking to whether another judge in this district has transferred cases involving ZTE based on a different record. A proper venue analysis must dig deeper, and that requires probing the statements made by ZTE's declarants.

Refusing to agree to reasonable compromises and forcing Maxell to seek relief from the Court has become par for the course for ZTE. ZTE has forced Maxell to resort to motion practice over even the most basic disputes, including this one. Accordingly, Maxell also seeks fees and costs for ZTE's insistence that Maxell file yet another unnecessary motion.

## I.     FACTUAL BACKGROUND

### A.     ZTE's Prior (Unsuccessful) Efforts to Transfer a Maxell Suit.

This motion arises from ZTE's third attempt to transfer venue in its dispute with Maxell. ZTE's initial motion (filed on June 14, 2017, in *ZTE I*) was withdrawn by ZTE shortly after Maxell filed its response citing documents that contradicted ZTE's venue declaration there. *See Maxell,*

---

[1] Case No. 5:16-cv-00034, Dkt. No. 20.
[2] Case No. 5:16-cv-00034, Dkt. No. 20-1 (Rayeski Declaration); Dkt. No. 20-2 (Wood Declaration).

*Inc. v. ZTE Corp.*, Case 5:16-cv-00179-RGS (E.D. Tex. July 24, 2017) (Dkt. No. 46).

Over a year later, ZTE filed a second motion to transfer in the same matter. *See Maxell, Inc. v. ZTE Corp.*, Case 5:16-cv-00179-RGS (E.D. Tex. May 16, 2018) (Dkt. No. 125). Maxell objected on a number of bases, including the fact that ZTE had not provided the venue-related discovery requested by Maxell noting that it was moot based on ZTE's withdrawal of its initial motion. *See Maxell, Inc. v. ZTE Corp.*, Case 5:16-cv-00179-RGS (E.D. Tex. May 31, 2018) (Dkt. No. 138). ZTE's second motion to transfer was also denied.

      **B.**    **ZTE's Efforts to Obstruct Discovery in This Case.**

At the October 2, 2018 scheduling conference, Maxell's counsel re-raised the issue of taking limited, focused venue discovery from ZTE. Afterward, Maxell clarified that it sought, among other things, "a deposition of ZTE USA's declarants (Mr. Edward Rayeski and Mr. James Wood)." Ex. A at 5 (Oct. 8, 2018 Email from B. Nese to R. Deol).

ZTE responded by demanding that Maxell "identify what material factual differences exist between the instant case and the supplemental authority ZTE USA submitted." Ex. A at 4 (Oct. 9, 2018 Email from R. Deol to B. Nese). While it agreed to produce some venue-related documents, ZTE stated that depositions of its declarants were "unnecessary." *Id.*

Specifically, for its first declarant (Mr. Rayeski), ZTE argued that he "has already been deposed on the subject of venue related activities [in an unrelated case,] and ZTE USA will produce a copy of his deposition to Maxell." *Id.*

As for its second declarant (Mr. Wood), ZTE simply stated that his deposition is not "warranted or necessary, especially since it was not required in the *Fractus* case." *Id.* ZTE failed to explain why an unrelated party's decision not to depose Mr. Wood in a prior case has any bearing on whether his deposition is required here. Nor did ZTE explain why it believes that a deposition of one of its declarants (Mr. Rayeski) was proper in a prior case, while the deposition

2

of its other declarant (Mr. Wood) is improper here.

Later that day, Maxell pointed out the inconsistencies in ZTE's arguments. Ex. A at 2-4 (Oct. 9, 2018 Email from B. Nese to R. Deol). Maxell also cited the differences between Mr. Rayeski's declarations in this case and in the *AGIS* case, including new statements made in paragraphs 13, 14, 16, and 17 of the Rayeski Declaration submitted here. *Id.* at 3; *compare* Dkt. No. 20-1 in Case 5:16-cv-00034 (Rayeski Declaration in *ZTE II*) *with* Dkt. 38-2 in Case 2:17-cv-00517-JRG (Rayeski Declaration in *AGIS*). Maxell also explained that, "[e]ven if the declarations were identical (which they are not) or presented the same facts (which they do not), Maxell [should] still be entitled to depose Mr. Rayeski." Ex. A at 3.

As to Mr. Wood, Maxell explained the reasons why this deposition is necessary:

> [Mr. Wood] submitted a declaration in support of ZTE's motion to dismiss (the same as Mr. Rayeski), which ZTE cites to extensively throughout its briefing. There is no reason to allow discovery for one of ZTE's declarants but not the other, and ZTE has provided no credible reason for this position. Your assertion that Mr. Wood's deposition "was not required in the *Fractus* case" is irrelevant and misleading. That the plaintiff in the prior case did not move for this discovery is no basis to withhold it here.

*Id.* In addition to setting forth its position, Maxell also requested ZTE's availability for a meet and confer on the issue of venue discovery. *Id.* Despite repeated reminders, *id.* at 1-2 (Oct. 11, 12, 2018 Emails B. Nese to R. Deol), ZTE did not respond to Maxell's October 9 email for three more days. *Id.* at 1. When a response did come, ZTE ignored Maxell's offers to meet and confer and declined to address the points raised in Maxell's October 9 email. *See id.* Instead, ZTE simply maintained, without explanation, that "venue discovery is unnecessary in this case." *Id.*

Finally, on October 15, nearly two weeks after Maxell raised the issue of venue discovery at the October 2 scheduling conference, ZTE agreed to meet and confer. During the parties' meet-and-confer call, Maxell again explained that targeted discovery in the form of depositions

3

of ZTE's two declarants was reasonable, relevant, and necessary to resolve the question of venue. Maxell also offered to limit the timing of these depositions to less than a day combined.

On a phone call the following day, ZTE's counsel rejected this offer, forcing Maxell to bring this motion. According to ZTE, two prior decisions from Judge Gilstrap[3] foreclose Maxell from seeking any further discovery and bind this Court to find venue improper.

## II.   ARGUMENT

ZTE's one-size-fits-all approach to venue discovery should be rejected. Simply dumping the same documents produced in different cases alone is insufficient. Depositions are necessary.

Judge Gilstrap's opinions in prior cases are based on different discovery and different arguments raised by different parties. They are not binding on this Court. Also, venue discovery is plainly relevant here, and there is no credible argument for refusing Maxell's requests. Because this behavior is more of the same for ZTE, fees are appropriate here.

The venue analysis is a "fact-specific inquiry," and "venue discovery should be liberally granted." *See AGIS Software Dev., LLC v. ZTE Corp.*, Case No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *3 n.3, *4 n.5 (E.D. Tex. Sep. 28, 2018). This Court has previously allowed depositions for venue-related issues. *See, e.g.*, *Uniloc*, *USA, et al. v. Symantec Corp.*, Case No. 6:15-cv-01007, slip op. at 1-2 (E.D. Tex. May 12, 2016) (Dkt. No. 52).

### A.   The *AGIS* and *Fractus* Opinions Are Not Binding Here.

ZTE makes too much of the *AGIS* and *Fractus* decisions. Neither of these decisions are binding, and neither suggest that depositions of ZTE's declarants are unwarranted here.

Indeed, in *AGIS*, Judge Gilstrap made plain that his finding was limited to the record before him: "[w]hile this Court has found venue to be improper as to ZTE in *this* case, should

---

[3] *AGIS Software Development, LLC v. ZTE Corp., et al.*, Civil Action No. 2:13-cv-00032-JRG and *Fractus, S.A. v. ZTE Corp. et al.*, Civil Action No. 2:17-CV-00561-JRG

4

different facts be presented in a future case …, the ultimate conclusion may be revisited." *AGIS*, 2018 WL 4854023, at *4 n.5 (emphasis in original).

The arguments presented by Maxell here are different. For example, the plaintiff in *AGIS* made only a blanket request for discovery "in the event that this Court found venue was improper." *Id.* at *3 n.3. This conditional, post-ruling request, Judge Gilstrap reasoned, "amount[ed] to seeking a 'do-over.'" *Id.* Judge Gilstrap also faulted AGIS for submitting a request that "lacks specificity in what it will seek…, how this information was not available to AGIS, and why AGIS is unable to address these issues at the time it filed its opposition." *Id.*

That is not the case here. First, unlike AGIS, Maxell's request was made at the time of its opposition, and was stated as being necessary to resolving the venue question—not just "in the event that" the Court found venue improper. *See* Dkt. No. 23 in 5:18-cv-00034, at 2. There is no "do-over" here; Maxell seeks to explore the relevant facts for the first time.

Moreover, Maxell's opposition pointed out numerous factual inconsistencies between ZTE's assertions and the public-facing information available to Maxell at the time. *See id.* at 5 (citing Exhibit 1 to Maxell's Opp.); *id.* at 6-8. Due to the timing and insufficiency of how it presented its discovery request, AGIS never got to explore these inconsistencies properly.

Second, and unlike AGIS again, Maxell has well defined and narrowly tailored its requests. They are nothing like the general demand made in *AGIS*. Here, Maxell has specifically outlined the discovery it seeks from ZTE. *See* Ex. A at 5 (Oct. 8, 2018 Email from B. Nese to R. Deol). Thus, unlike *AGIS*, the discovery Maxell seeks is focused, definite, and designed to explore fully the statements made by each of ZTE's declarants.

At bottom, Judge Gilstrap noted that, "[t]his Court will entertain motions for venue discovery where the plaintiff demonstrates that discovery could or will be useful in addressing

5

the issue of venue and shows the Court that such discovery is narrowly drawn and properly tailored to open question unable to be addressed by publically available information." *AGIS*, 2018 WL 4854023, at *3 n.3 (citing *SEVEN Networks, LLC v. Google LLC*, No. 2:17-cv-442-JRG, Dkt. No. 77).

That is precisely what Maxell has shown here. The venue discovery sought by Maxell is plainly useful in addressing the venue question. Testing the veracity of the statements made in ZTE's declarations with these witnesses' prior statements and with the documents ZTE has made available to date, at a minimum, will assist this Court in the proper weight to afford the self-serving statements put forth by ZTE. Testing these statements will also allow Maxell to present the Court with a complete record on which to decide the venue question.

Maxell's requests are also "properly drawn and narrowly tailored" to questions "unable to be addressed by publically available information." No public information can address the open questions about the accuracy of the statements made in ZTE's declarations; only a deposition of these individuals can do that, and Maxell's requests are narrowly tailored to that information.

**B.     Depositions of ZTE's Declarants Is the Venue Dispute.**

Depositions of ZTE's declarants are relevant to venue. ZTE relies heavily on these declarations throughout its motion to dismiss, and Maxell should have the chance to test the completeness and accuracy of that testimony. Moreover, ZTE agrees that at least some venue discovery is relevant: it produced over 1,000 venue-related documents on October 12.

To allow ZTE to present evidence in support of its motion but denying Maxell the ability to test that evidence, would put Maxell in a problematic position: ZTE would be free to rely on one-sided witness testimony, but Maxell would have no chance to challenge that evidence.

Again, regardless of whether the declarations are different from or the same as those submitted by the same witnesses in prior, unrelated cases, Maxell should be permitted to depose

these witnesses itself. Given ZTE's reliance on the declarations submitted by these individuals, and given the documents produced by ZTE, a deposition of these witnesses is plainly needed.

### C. Fees Are Appropriate Due to ZTE's Ongoing Misconduct.

Maxell seeks its costs and attorneys' fees associated with having to bring this motion. Under Federal Rule of Civil Procedure 37, a court must award reasonable expenses incurred in making a motion to compel that is granted unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *see Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

Given the circumstances outlined above, there is no justification for denying Maxell the reasonable, focused discovery that it seeks, and no other circumstance make an award unjust. To the contrary, ZTE's continued litigation misconduct justifies this sanction. From refusing to accept service for its corporate parent to withholding plainly relevant discovery, ZTE has forced Maxell to seek judicial relief in both this case and the prior litigation between these parties.

Repeated motion practice benefits no one, but ZTE's baseless positions and refusal to cooperate require bringing this motion. Because ZTE has not altered its behavior, Maxell requests that the Court impose sanctions on ZTE pursuant to Fed. R. Civ. P. 37(c)(1), including Maxell's costs for this motion.

### III. CONCLUSION

A deposition of ZTE's declarants is critical to resolving this venue dispute and to provide Maxell with a full, fair opportunity to present its defense to ZTE's venue challenge. Maxell's reasonable request should be granted, and ZTE should be compelled to provide depositions of its two declarants, not to exceed four hours each.

| | |
|---|---|
| Dated: October 17, 2018 | By:   */s/ Jamie B. Beaber* |

                                          Geoff Culbertson
                                          Patton, Tidwell & Culbertson, LLP
                                          2800 Texas Boulevard (75503)
                                          Post Office Box 5398
                                          Texarkana, TX 75505-5398
                                          Telephone: (903) 792-7080
                                          Facsimile: (903) 792-8233
                                          gpc@texarkanalaw.com
                                          kbt@texarkanalaw.com

                                          Jamie B. Beaber
                                          Alan M. Grimaldi
                                          Kfir B. Levy
                                          James A. Fussell, III
                                          Baldine B. Paul
                                          Tiffany A. Miller
                                          Saqib Siddiqui
                                          Bryan Nese
                                          MAYER BROWN LLP
                                          1999 K Street, NW
                                          Washington, DC 20006
                                          Telephone: (202) 263-3000
                                          Facsimile: (202) 263-3300
                                          jbeaber@mayerbrown.com
                                          agrimaldi@mayerbrown.com
                                          klevy@mayerbrown.com
                                          jfussell@mayerbrown.com
                                          bpaul@mayerbrown.com
                                          tmiller@mayerbrown.com
                                          ssiddiqui@mayerbrown.com
                                          bnese@mayerbrown.com

                                          Robert G. Pluta
                                          Amanda K. Streff
                                          MAYER BROWN LLP
                                          71 S. Wacker Drive
                                          Chicago, IL 60606
                                          (312) 782-0600
                                          rpluta@mayerbrown.com
                                          astreff@mayerbrown.com

                                          *Counsel for Plaintiff Maxell, Ltd.*

730309005

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 17th day of October, 2018, with a copy of this document via the Court's electronic CM/ECF system.

>　　　　　　　　　　　　　　　　　　　/s/ Jamie B. Beaber
>　　　　　　　　　　　　　　　　　　　Jamie B. Beaber

**CERTIFICATE OF CONFERENCE**

I certify that Plaintiff Maxell, Ltd. has complied with the requirements of Local Rule CV-7(h) and the Discovery Order governing this case. Specifically, Maxell first raised this issue at the October 2, 2018 scheduling conference, stating its position that limited venue discovery is relevant. Maxell then sent ZTE emails outlining its position on October 5 and 9, 2018. The parties also held a telephonic meet and confer on October 15, 2018, which was attended by lead and local counsel for both parties. Lead counsel for the parties followed up with another phone call on October 16, 2018. Although the parties discussed their respective positions, they did not come to an agreement regarding the items identified in this motion.

>　　　　　　　　　　　　　　　　　　　/s/ Jamie B. Beaber
>　　　　　　　　　　　　　　　　　　　Jamie B. Beaber

730309005